UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| DIRECTORY ASSISTANTS, INC., <br><br> Plaintiff, <br><br> v. <br><br> HEALTHMART USA, LLC and GREGG LAWRENCE, <br><br> Defendants. | No. 3:11-cv-801 (MPS) |

**RULING AND ORDER**

Defendants Healthmart USA, LLC ("Healthmart") and Gregg Lawrence (collectively, "Defendants") move to dismiss the Second Amended Complaint [doc. #25] (the "Amended Complaint") filed by Plaintiff Directory Assistants, Inc. ("Plaintiff") on the grounds that the Court lacks personal jurisdiction over Defendants and that this Court is an improper venue for this action. Because not all of the defendants reside in the District of Connecticut, the Court finds that venue is improper and transfers this case under 28 U.S.C. § 1406(a) to the United States District Court for the Middle District of Tennessee.

**Venue**

The *current* version of the venue statute provides, in relevant part, that a civil action may be brought in "a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located." 28 U.S.C. § 1391(b)(1). For venue purposes, a natural person resides "in the judicial district in which that person is domiciled," and a corporation resides, "if a defendant, in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question." Id. § 1391(c)(1), (2). Here, Defendant Healthmart is a Tennessee LLC with its principal place of business in Franklin,

1

Tennessee. Defendant Lawrence is the owner of Healthmart and is a resident of Franklin, Tennessee. (Lawrence Aff., dated June 5, 2012, at ¶¶ 3-4 [doc. # 36-2].) Franklin, Tennessee is part of Williamson County, which is served by the United States District Court for the Middle District of Tennessee. (See Pl. Memo. in Opp. to Mot. to Dismiss at 11 n.5 [doc. # 46]; Def. Reply at 5, n.1 [doc. # 48]; see also http://www.tnmd.uscourts.gov/divisions_of_court.) Because both Defendants reside in Franklin, venue is proper in that court under the current version of Section 1391(b)(1).

Plaintiff argues, however, that because this action was commenced in May 2011, a prior version of Section 1391(b)(1) applies and compels a different result. The venue statute was amended as part of the "Federal Courts Jurisdiction and Venue Clarification Act of 2011," H.R. 394, P.L. 112-63 (the "Act"). The changes made by the Act apply only to those cases filed on or after January 6, 2012.[1] The pertinent change was to the conditional clause of Section 1391(b)(1), which formerly provided that venue was proper in "a judicial district where any defendant resides, if all defendants reside in the same State." Plaintiff reads this prior version of Section 1391(b)(1) to permit suit in any district in which one of the defendants resides as long as all defendants reside *in any same state*. Plaintiff argues that Defendants Healthmart and Lawrence reside in Tennessee. Plaintiff contends, however, that Healthmart also resides in Connecticut because, under Section 1391(c)(2), Healthmart resides in any district in which it is subject to personal jurisdiction and, in its view, this Court has personal jurisdiction over Defendants.[2] See

---

[1] P.L. 112-63, Section 205 provides: "**EFFECTIVE DATE**. The amendments made by this title – (1) shall take effect upon the expiration of the 30-day period beginning on the date of the enactment of this Act [December 7, 2011]; and (2) shall apply to – (A) any action that is commenced in a United States district court on or after such effective date." (emphasis in original).

[2] The Court expresses no opinion as to whether it has personal jurisdiction over Defendants because such a finding is unnecessary to its determination that venue is improper.

28 U.S.C. 1391(c)(2); Divicino v. Polaris Indus., 129 F. Supp. 2d 425, 435-36 (D. Conn. 2001) (reasoning that Section 1391(c) essentially equates jurisdiction with venue for corporate defendants). Thus, Plaintiff argues venue is proper in this Court.

When an amendment merely clarifies rather than substantively changes existing law, the amendment must be given retroactive effect. See, e.g., Leshinsky v. Telvent GIT, S.A., 873 F. Supp. 2d 582, 590-91 (S.D.N.Y. 2012) (relying on appellate decisions from the Third, Fourth, Seventh, Ninth, Eleventh, and D.C. Circuits finding that where an amendment is deemed to be clarifying rather than substantive, it is applied retroactively); see also King v. Am. Airlines, Inc., 284 F.3d 352, 358 (2d Cir. 2002) (citing with apparent approval in dicta the Eleventh Circuit's decision in Cortes v. Am. Airlines, Inc., 177 F.3d 1272, 1283 (11th Cir. 1999) holding that "[c]oncerns about retroactive application are not implicated when an amendment that takes effect after the initiation of a lawsuit is deemed to clarify relevant law rather than effect substantive change in law."). There is no "bright-line test" for determining whether an amendment clarifies, rather than changes, existing law. Courts have considered several factors in making this determination, including: "(1) whether the enacting body declared that it was clarifying a prior enactment; (2) whether a conflict or ambiguity existed prior to the amendment; and (3) whether the amendment is consistent with a reasonable interpretation of the prior enactment and its legislative history." Leshinsky, 873 F. Supp. 2d at 591 (citations omitted). Here, an analysis of these three factors confirms that the Act was intended to clarify rather than substantively change Section 1391(b)(1).

The first factor is met here. Congress explicitly declared in the Act that it was clarifying existing law. The title of the Act itself is the "Federal Courts Jurisdiction and Venue *Clarification* Act of 2001," and the Act's preamble states that its primary purpose was to "amend

title 28, United States Code, to *clarify* the jurisdiction of the Federal courts, . . ." 112 P.L. 63 (emphasis added). See, e.g., Red Lion Broad. Co. v. Fed. Commc'ns Comm'n, 395 U.S. 367, 382 (1969) ("Subsequent legislation declaring the intent of an earlier statute is entitled to great weight in statutory construction."); Brown v. Thompson, 374 F.3d 253, 259 (4th Cir. 2004) (considering it significant in determining whether an amendment clarified existing law that "Congress formally declared in the titles of the relevant subsections" that the amendments were "clarifying and technical.") (internal quotation marks and citations omitted); Beverly Cmty. Hosp. Ass'n v. Shalala, 132 F.3d 1259, 1266 (9th Cir. 1997) (reasoning that because Congress formally declared in the title of the statute that it was a "clarification," the court was entitled to give it great weight in construing the meaning of an earlier enactment); Johnson v. U.S. Dep't of Hous. & Urban Dev., 911 F.2d 1302, 1310-11 (8th Cir. 1990) (finding that by including the term "clarification" in the title of the statute, Congress removed any doubt as to the original intent of the prior enactment).

Further, to the extent that the Act is ambiguous on the question whether it effects a clarification or a substantive change, its legislative history is instructive.[3] Congress declared in the Act's legislative history that it was clarifying, not substantively changing, existing law. House Report 112-10 states, in pertinent part, that the Act's purpose was to "bring[ ] *clarity* to the operation of the Federal jurisdictional statutes and facilitate[ ] the identification of the appropriate State or Federal court where actions should be brought." House Report 112-10 at 1 (emphasis added). With respect to Section 1391(b)(1), in particular, the House Report specifically provides:

---

[3] See, e.g., Auburn Hous. Auth. v. Martinez, 277 F.3d 138, 143-44 (2d Cir. 2002) (reasoning that where the text of a statute is ambiguous, the court may "look to legislative history to determine the intent of Congress.") (citations omitted).

4

> This subsection is intended to limit venue in multiple-defendant cases to a district of the state in which all defendants reside, and to address situations where one of the defendants in a multiple-defendant case is a corporation, which can be resident for venue purposes in more than one state. Presently, the language of paragraphs 1391(a)(1) and (b)(1) makes venue proper in 'a judicial district where any defendant resides, if all defendants reside in the same State.' Literally applied, this language could have *unintended consequences*. For example, consider a suit brought against both a resident (natural person) in Illinois and a corporation that does business in every state, including Illinois, and the litigation arose from events that occurred in Illinois. Under current subsection 1391(c), the corporation could be considered a resident of Illinois and every other state, by virtue of its being subject to personal jurisdiction in all those states. A plaintiff might sue both defendants in any district where the corporation happens to reside, such as the Southern District of New York, on the theory that, because all defendants reside in the same state (Illinois) as provided in 28 U.S.C. Sec. 1391(b) and (b), venue is proper in any district where 'any defendant resides.' Proposed paragraph 1391(b)(1) would alter the statutory language to preclude this result, *while achieving the intended goal of the original statute*.

Id. at 19 (emphasis added); see also Bell v. New Jersey, 461 U.S. 773, 784 (1983) ("Of course, the view of a later Congress does not establish definitely the meaning of an earlier enactment, but it does have persuasive value."); SEC v. Clark, 915 F.2d 439, 451-52 (9th Cir. 1990) ("While a statement concerning an earlier statute by members of a subsequent legislature is of course not conclusive evidence of the meaning of the earlier statute, the later interpretation may be accorded some deference where the subsequent commentary accompanies the enactment of an amendment to the earlier law.") (internal quotation marks and citation omitted).

The second factor considered by the Leshinsky court in determining whether a statute clarifies or effects a substantive change in existing law is whether a conflict or ambiguity existed prior to the amendment. Here, this factor is met because the former statute was ambiguous. In particular, the language of the former Section 1391(b)(1) did not clearly state, as the Act now does, whether the judicial district in which defendant needed to bring suit could be in any state where any one of the defendants resides or whether it had to be brought in the state where all defendants reside. Indeed, the above-quoted language from the House Report identifies this

ambiguity and demonstrates that the Act was intended to clarify the meaning of the original law. Because a litigant could reasonably have read former Section 1391(b)(1) as requiring either one of these two scenarios, the Court finds that this language was not clear and unambiguous.

The third Leshinsky factor, whether the amendment is consistent with a reasonable interpretation of the prior enactment and *its* legislative history, is also met here. The limited legislative history available concerning former Section 1391(b)(1) provides that its purpose was to "adhere[ ] to the traditional belief that it is fair and convenient to allow suit where the defendants reside." House Report 101-734 at 23; see also Moore's Fed. Prac. § 110.01 ("Venue statutes generally are concerned with convenience. They seek to channel lawsuits to an appropriately convenient court, given the matters raised and the parties involved in an action." (citations omitted)). If the Court were to adopt Plaintiff's construction of the prior provision, it would frustrate this purpose by allowing suit in a jurisdiction where one of the defendants may have no contacts or minimal contacts to the forum state, as is the case here. See Jonathan Siegel, What Statutory Drafting Errors Teach Us About Statutory Interpretation, 69 Geo. Wash. L. Rev. 309, 318 (2001) ("The whole point of 1391(a)(1)[4] would, in fact, be utterly thwarted if it could be transformed from a statute providing that defendants could be sued in judicial districts reasonably near their homes to a statute permitting a clever plaintiff's counsel to drag defendants clear across the country when they have the misfortune to have a corporation as a codefendant. Section 1391(a)(1) can be properly aligned with the background principle of convenience that it implements only by restricting its use to cases in which the forum district chosen by plaintiff is in the state in which all defendants reside.") (footnote added).

---

[4] The current Section 1391(b)(1) was formerly codified at Section 1391(a)(1).

Finally, the few cases that have interpreted the former Section 1391(b)(1) have read the provision to limit venue to a district within the state in which all defendants reside. See, e.g., Dashman v. Peter Letterese & Assocs., 999 F. Supp. 553, 555 (S.D.N.Y. 1998) ("Section 1391(a)(1) cannot be read, however, to mean that as long as all defendants reside in the same state, venue is proper in a district in some other state where any corporate defendant happens to be subject to personal jurisdiction. The language of § 1391(a)(1) contemplates venue in a judicial district within the state in which all defendants reside."); Bell v. Classic Auto Grp., Inc., No. 04 Civ. 0693 (PKC), 2005 U.S. Dist. LEXIS 4413, at *12 (S.D.N.Y. Mar. 21, 2005) ("Applying the venue statute to this case, venue would be proper on the first possible ground, section 1391(a)(1) or (b)(1) – which provide a basis for venue in any judicial district in which any defendant resides, if all residents in the same state – *only if all the defendants reside in New York*.") (emphasis added); Columbia Cas. Co. v. SMI Liquidating, No. C 10-02057 (CRB), 2010 U.S. Dist. LEXIS 88822, at *5-6 (E.D. Cal. Mar. 16, 2007) ("Venue is not proper in this district. . . . In other words, § 1391(a)(1) requires that all defendants reside in the state where the plaintiff has chosen to file suit."). Plaintiff has cited no cases that support its interpretation of the former statutory language, and the Court is unaware of any such cases.

In sum, the Court finds that Congress intended the Act as a clarification rather than a substantive change to existing law and holds that the Act may be applied retroactively. Therefore, venue under Section 1391(b)(1) is limited to a district in the state where all defendants reside. Because fewer than all of the defendants reside in the District of Connecticut, this Court is an improper venue for this action.[5]

---

[5] Even if the Act were not a "clarification" and did not apply here, venue would still be improper in this Court under the former Section 1391(b)(1). As detailed above, the former statute is ambiguous and its legislative history and the cases interpreting it demonstrate that the

**Transfer**

Because venue is improper, the Court orders that the case be transferred under 28 U.S.C. § 1406(a) to the United States District Court for the Middle District of Tennessee. Section 1406(a) provides that "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." The Court may transfer a case where venue is improper even if a defendant's motion seeks dismissal only. See, e.g., Concession Consultants, Inc. v. Mirisch, 255 F.2d 369, 371-72 n.3 (2d Cir. 1966) ("And where the motion asks only that the suit be dismissed, the court may properly, *sua sponte*, order it transferred."). Here, as detailed above, and as the parties do not appear to contest, this case could have been brought in the first instance in the United States District Court for the Middle District of Tennessee. Further, transfer of this case to that district would be in the interests of justice because both defendants reside in Tennessee and Plaintiff should not be subject to the harsh result of dismissal simply for choosing the wrong forum in which to bring its case. 17-111 Moore's Federal Practice § 111.34 (stating that transfer should be the usual remedy for improper venue and reasoning that, "[o]rdinarily, transfer will be in the interest of justice because normally dismissal of an action that could be brought elsewhere is time consuming and justice-defeating.") (internal quotation marks and citations omitted).

---

only reasonable interpretation of the former statute is that venue must lie in a state where all defendants reside. See supra at 6-7. To hold otherwise would run contrary to the underlying purpose of the venue statute – to provide a convenient forum for the resolution of disputes. Thus, even if former Section 1391(b)(1) applied, venue would still be improper.

Accordingly, the Court orders that this case be transferred pursuant to 28 U.S.C. § 1406(a) to the United States District Court for the Middle District of Tennessee.

IT IS SO ORDERED.

/s/
Michael P. Shea, U.S.D.J.

Dated: Hartford, Connecticut
April 23, 2013